# IN THE SUPREME COURT OF TEXAS

════════════

No. 13-0750

════════════

VERNCO CONSTRUCTION, INC., PETITIONER,

v.

DAVID NELSON, INDIVIDUALLY AND D/B/A COLLECTIVE CONTRACTING, A SOLE
PROPRIETORSHIP; AND E.E. HOOD & SONS, INC., RESPONDENTS

════════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

════════════════════════════════════════════════════════

**PER CURIAM**

In this complex commercial dispute, Vernco Construction, Inc., obtained a multi-million

dollar breach-of-contract and tort judgment against E.E. Hood & Sons, Inc., and David Nelson,

individually and d/b/a Collective Contracting (collectively, the Respondents). The Respondents

appealed the judgment on various grounds, but the only issue before this Court is whether Vernco

lacked standing to maintain the lawsuit because it assigned the claims to its commercial lender either

before or after filing the lawsuit. The trial court found that Vernco had standing, but the court of

appeals reversed, vacated the judgment, and dismissed for want of jurisdiction. 406 S.W.3d 374,

380 (Tex. App.—El Paso 2013). The court of appeals based its analysis on the terms of a

forbearance agreement between Vernco and its lender but declined to consider an addendum to that

agreement, erroneously stating that the document is "not a part of the record on appeal" and "was

not before the trial court." *Id.* at 380. Because the court of appeals failed to consider pertinent

evidence before the trial court, we reverse and remand the cause to that court for reconsideration.

The standing issue involves construction of the forbearance agreement Vernco executed with

its commercial lender and an addendum to that agreement. After filing the underlying lawsuit, Vernco; its president, Jack Claflin, as Guarantor; and its lender, Jefferson State Bank, executed an agreement in which the Bank promised to abstain from foreclosing on Vernco's defaulted promissory notes. Among other things, the forbearance agreement states that "pursuant to applicable law, [the Bank] is the owner of all of [Vernco's] receivables (and proceeds therefrom), including . . . the receivables and claims (including commercial tort claims)" in the underlying litigation. When the forbearance agreement was produced to the Respondents, they jointly filed a motion to dismiss for lack of jurisdiction, alleging that Vernco had no standing to pursue the litigation because it had assigned the claims to the Bank in the forbearance agreement. They requested and scheduled an evidentiary hearing on the dismissal motion.

In response, Vernco asserted that the Respondents' standing argument failed as a matter of fact and law. Vernco alleged that, as a matter of fact, no foreclosure had occurred and the purpose of the forbearance agreement was to establish precise terms under which Vernco could avoid foreclosure of the lawsuit, as a corporate asset. Vernco also submitted an addendum to the forbearance agreement. The addendum, executed in response to the motion to dismiss, explains:

> [A]lthough there are other terms in the original Forbearance clearly indicating the parties' intent for [the Bank] to forbear from acquiring legal ownership in the claims set forth in the Lawsuit, to the extent there is any recital in the Forbearance Agreement that may be read by third parties as indicating otherwise, the parties wish to clarify herein that they never intended that [the Bank] ever acquired actual legal ownership of the claims in the Lawsuit, and the parties agree that [the Bank] has never acquired legal ownership of the claims in the Lawsuit and that [Vernco] remains the current owner of the claims being prosecuted in the Lawsuit[.]

The addendum was authenticated by affidavits executed by signatories to both the forbearance agreement and the addendum. Although disputing that the claims had been assigned, Vernco alternatively alleged standing to maintain the lawsuit as the assignor in a representative capacity.

2

Pursuant to the Bexar County central docket system, the motion to dismiss was assigned to a judge for disposition. After what was evidently a lengthy pretrial hearing, the judge expressly found that Vernco had standing and that the trial court had subject-matter jurisdiction. There is no reporter's record of the hearing on the motion to dismiss.

Shortly thereafter, the case was assigned to a different judge for a jury trial on the merits, which occurred over several weeks during the course of the following two-month period. On various occasions before and during the trial, the Respondents again urged that Vernco lacked standing based on the forbearance agreement. The trial judge repeatedly declined to reconsider the prior ruling. The trial court further denied the Respondents' requests to introduce the forbearance agreement at trial or to question witnesses about it, having previously explained, "I'm not going to hear [your jurisdictional issue]. [The pretrial judge has] already given you a full day on that and we're not going to hear that." The Respondents therefore offered the forbearance agreement to show Claflin's bias and to establish that the Bank owned the claims in the lawsuit. *See* TEX. R. EVID. 103.

Claflin authenticated the forbearance agreement in the offer of proof and testified that the agreement had been supplemented but was still in effect as supplemented. In response to the Respondents' offer, Vernco reiterated that the issue had already been resolved before trial and argued that admitting the forbearance agreement would "reopen all kinds of things in terms of additional evidence that we'd have to put on if [the agreement] was allowed to be tendered." Although Vernco's counsel requested that the addendum be included under the rule of optional completeness, neither side introduced the addendum as part of an offer of proof. The trial court overruled the Respondents' offer of proof.

After the trial court rendered judgment of more than $6 million in Vernco's favor on

favorable jury findings, the Respondents appealed, raising numerous complaints and challenging the trial court's denial of their motion to dismiss for lack of standing. The court of appeals, relying solely on the four corners of the forbearance agreement, concluded that Vernco assigned all of its interest in the claims to the Bank and therefore had no standing to maintain an action for damages on those claims. 406 S.W.3d at 380. The court therefore vacated the trial-court judgment and dismissed the case for want of jurisdiction. *Id.*

The court refused to consider the addendum as part of the standing analysis because it had not been included in an offer of proof during the trial on the merits. *Id.* The court further intimated that the addendum was not in the appellate record at all and had merely been appended to Vernco's appellate brief. *Id.* (declaring that the addendum "was not before the trial court and is not before this Court" because "Vernco did not make an offer of proof of the [addendum] to the trial court and the [addendum] was not admitted into evidence but is merely appended to Vernco's brief"). The court further rejected Vernco's claim to possess standing in a representative capacity, noting the absence of evidence that the Bank had authorized Vernco to pursue the claims against the Respondents on its behalf. *Id.* The court never mentioned the hearing on the motion to dismiss or the existence of the addendum as an exhibit to Vernco's response to the motion to dismiss.

In declining to consider the addendum, the court of appeals appears to have overlooked the addendum in the record and misunderstood when the substantive jurisdictional ruling occurred. According to the court, "[t]he trial court 'denied the bill,' and thereafter, in its written order, denied the motion to dismiss and found Vernco had standing and the trial court had subject[-]matter jurisdiction." 406 S.W.3d at 377. In fact, the trial court ruled on the motion to dismiss following a pretrial hearing, and the ruling was not reconsidered. There was no substantive ruling on the merits

4

of the standing issue after the pretrial judge's November 9, 2010 order denying the Respondents' motion to dismiss.

The standing inquiry "focuses on the question of who may bring an action." *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998). Courts lack subject-matter jurisdiction to adjudicate disputes initiated by parties lacking standing. *The M.D. Anderson Cancer Center v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"Because standing is a component of subject[-]matter jurisdiction, we consider [standing issues] as we would a plea to the jurisdiction." *Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001). The trial court can rule on a jurisdictional plea by submission or after an evidentiary hearing: "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues." *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (trial court determined jurisdictional issue after an evidentiary hearing at which witnesses testified); *see State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009) (jurisdictional challenge may be asserted in a motion for summary judgment). When a jurisdictional issue is not intertwined with the merits of the claims, which is the case here, disputed fact issues are resolved by the court, not the jury.[1] *E.g.*, *Bland*, 34 S.W.3d at 554-55; *Univ. of Tex.*

---

[1] The Respondents contend that the standing issue may also properly be characterized as a lack of capacity. Because they generally challenged Vernco's capacity as a party in a verified denial, they contend that Vernco was required to offer proof of capacity at trial and obtain favorable jury findings, but failed to do so. *See* TEX. R. CIV. P. 93. "Standing," however, is distinct from "capacity." *See Nootsie, Ltd. v. Williamson Cnty Appraisal Dist.*, 925 S.W.3d 659, 661 (Tex. 1996) ("A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."). Because the Respondents did not allege lack of capacity as an error on appeal, the issue has been waived. *See Coastal Liquids Transp., L.P. v. Harris Cnty Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001) ("[W]hile standing as an issue cannot be waived, capacity can be."); *see also Key Operating & Equip., Inc. v. Hegar*, 435 S.W.3d

*v. Poindexter*, 306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.); *see Miranda*, 133 S.W.3d at 226 (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997), for the proposition that "whether a district court has subject[-]matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case"). The jurisdictional determination should be made as soon as practicable because a court should not proceed with a case over which it has no jurisdiction; however, the court has discretion to defer the decision until the case has been more fully developed. *Miranda*, 133 S.W.3d at 227.

The Respondents filed a pretrial motion to dismiss for want of jurisdiction, alleging the absence of standing. The pleading and response were supported by evidence, which included both the forbearance agreement and the addendum, among other items. The Respondents requested an evidentiary hearing and gave notice that the hearing had been set. The order denying the motion states that, as requested, "All Parties appeared by and through counsel, and the Court heard evidence and argument." After hearing the evidence and argument, the trial court expressly found that Vernco had standing and concluded that the court had subject-matter jurisdiction.

The judge presiding over the trial-court proceedings had discretion to consider the jurisdictional matter in a pretrial hearing rather than awaiting further development of the case. *Id*. Furthermore, when the successor judge was assigned to preside over the jury trial, she had discretion to reconsider the pretrial judge's interlocutory ruling but was not required to do so. *Cf. Velez v.*

794, 797 (Tex. 2014) ("An issue raised in [the Supreme Court] must have been assigned as error in the court of appeals if it originated in the trial court."); *Bunton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004) (observing that, "ordinarily, an appellant waives any complaint about the trial court's judgment that is not raised in the court of appeals").

6

*DeLara*, 905 S.W.2d 43, 45 (Tex. App.—San Antonio 1995, no writ) (under Bexar County's central docket system "the jurisdiction to reconsider an interlocutory ruling is vested in the court rather than the individual judge, and since one district judge may hold court for another district judge," the successor judge has the right to reconsider a previously entered interlocutory order). After reviewing the pertinent pleadings, the trial judge declined to reconsider the ruling.[2] Accordingly, we must review the evidence before the trial court at the motion-to-dismiss hearing in considering the trial court's determination that, as a legal and factual matter, Vernco has standing. Contrary to the court of appeals' suggestion otherwise, we are not limited to reviewing evidence provided in an offer of proof at the trial on the merits.

This matter presents two issues concerning the contents of the appellate record. First, the court of appeals erroneously concluded that the addendum was not before the trial court and not part of the appellate record. Both the forbearance agreement and the addendum are included with the pleadings germane to the motion to dismiss, which were before the pretrial judge when he determined the standing issue. The court of appeals should have considered all the evidence presented for the pretrial judge's consideration.

The second issue is that there is no record of the plea to the jurisdiction hearing, which may or may not have been evidentiary. "If all the evidence is filed with the clerk and only arguments by counsel are presented in open court, the appeal should be decided on the clerk's record alone." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005). A reporter's record

---

[2] The Respondents have not alleged that either judge abused their discretion. The circumstances would not support such a claim in any event. The hearing on the motion to dismiss was held about a month before the trial on the merits began, and nothing in the record suggests that further development of the evidence was essential. In fact, the record reflects that the Respondents both requested and set the initial hearing date, and they persistently relied on the forbearance agreement as the grounds for their jurisdictional challenge.

is required, however, to preserve evidentiary complaints for appellate review when evidence is introduced in open court. *Id.* at 782, 783. Absent a specific indication or assertion to the contrary, we generally presume that pretrial hearings are nonevidentiary. *Id.* at 782-83. But, "[i]f the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error." *Id.*

The record here suggests that the pretrial hearing regarding Vernco's standing was evidentiary. In the motion to dismiss, the Respondents requested an evidentiary hearing and asserted that lack of jurisdiction would be established by "the evidence submitted with [the] motion, and the testimony that will be offered at the hearing." Although the forbearance agreement and addendum might be construed as a matter of law, Vernco's response asserted both legal and factual matters in opposition to the motion to dismiss, including whether a foreclosure occurred and whether Vernco was authorized to act as the Bank's representative. The pretrial judge's order further states that he "heard evidence and argument" at the dismissal hearing.[3] Elsewhere in the record, there are statements to the effect that the pretrial judge devoted the better a part of a day to the hearing, which implies that the hearing encompassed more than counsel's argument regarding evidence already on file. On the other hand, the parties have not mentioned any void in the record or discussed how its absence might impact the standing inquiry. *Cf. Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991)

---

[3] The handwritten order states:

> On this 9th day of November 2009 came on to be heard Motions to Dismiss from [the Respondents] . . . . All Parties appeared by and through counsel, and the Court heard evidence and argument; After hearing the evidence and argument, the Court finds that the Motions should be denied;
>
> It is, therefore, Ordered That the Motions to Dismiss are Denied.
> The Court Finds that the Court has jurisdiction to proceed and that Plaintiff has standing.

(an appellant challenging sufficiency of the evidence to support the trial court's judgment cannot meet that burden without presenting a sufficient record on appeal because it is presumed that the omitted portions of the record support the trial court's judgment); *Guthrie v. Nat'l Homes Corp.*, 394 S.W.2d 494, 495 (Tex. 1965) (absent a reporter's record, the court must presume the evidence at trial supported the jury's finding). At this point, we could only speculate as to the nature of the hearing.

Clearly, however, the addendum is part of the clerk's record before the trial court and certainly must be considered if the matter was determined on the pleadings. If evidence was introduced at the motion-to-dismiss hearing, no reporter's record of that hearing has been included with the appellate record.[4] Because the court of appeals did not consider evidence in the relevant portion of the appellate record, we reverse the court's judgment and remand this case to that court for further proceedings, including reconsideration of the standing issue. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** April 24, 2015

---

[4] Our review of the trial court's docket sheet suggests that the hearing transcript was not omitted from the appellate record, but simply does not exist. For nonevidentiary hearings, however, a reporter's record is superfluous. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005).