# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00388-CV

**Trent Lindig, Appellant**

**v.**

**Pleasant Hill Rocky Community Club, Appellee**

## FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT
## NO. CV07580, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is the second appeal arising out of Trent Lindig's lawsuit to establish his ownership of a parcel of real property currently possessed by the Pleasant Hill Rocky Community Club. In an earlier permissive appeal in this case, we rejected Lindig's argument that a reverter clause in a deed concerning the property was triggered and concluded that present title remained with the Club. *Lindig v. Pleasant Hill Rocky Cmty. Club*, No. 03-15-00051-CV, 2015 WL 5096847, at *5 (Tex. App.—Austin Aug. 28, 2015, pet. denied) (mem. op.) (*Lindig I*). The Club subsequently filed a motion with the trial court to dismiss Lindig's claims for lack of standing. Lindig responded by amending his pleadings to assert several new causes of action. The trial court granted the Club's motion and dismissed all of Lindig's claims. For the reasons that follow, we will affirm the trial court's judgment in part and reverse and remand in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1927, Lindig's great-grandfather, Albert Lindig, executed a deed transferring the property to the Blanco County Board of Trustees "to be used for School purposes for the Pleasant Hill School District No. 21." A reverter clause in the deed provided that "in case the said School House or any other house which may be built and used for a School house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives." A school was operated on the property from 1927 until 1952. In August of 1952, the successor Blanco County Board of Trustees executed a deed conveying the property to the Club for use as a community center. The Club used the land without dispute until Lindig received an offer to rent the property in 2013.

Lindig then filed suit against the Club seeking declaratory relief and asserted causes of action for trespass to try title, quiet title, and tortious interference with prospective business relations. Lindig argued that title reverted to him under the terms of the 1927 Deed because the property was no longer used for school purposes.[1] At the parties' request, the trial court construed the reverter clause and concluded that it had not been triggered and, therefore, present title remained with the Club. *Id.* at \*1. The parties took an agreed, permissive appeal of that determination. *See id.* This Court construed the deed language and explained:

> although the conveyance for school purposes is set forth generally in the deed, the reverter clause does not terminate the grantees' ownership of the property if it ceases being used for school purposes.

---

[1] It is undisputed that Lindig is the successor in interest to Albert for purposes of the reverter clause.

> Rather, the reverter clause expressly states that it is triggered only if
> a school house is removed from the land.

*Id.* at \*5. And because it was "undisputed that the building once used as a school remains on the property," we agreed that the reverter clause was not triggered. *Id.*

Lindig filed a partial motion for summary judgment alleging an alternative reason that the 1952 Deed conveyed no title to the Club—it was void for violating the Texas Constitution's prohibition on transfers of public property to private entities. The Club responded with a motion to dismiss asserting that Lindig lacked standing to challenge the validity of the 1952 Deed. The Club reasoned that after our holding in *Lindig I* that the reverter clause has not been triggered, Lindig would not obtain a present possessory interest in the property whether or not the 1952 Deed was void. Lindig subsequently filed an amended petition, his fifth, arguing that the removal of two outhouses from the property triggered the reverter clause and asserting various theories regarding why the 1952 Deed was void.[2] Lindig also asserted that he gained title to the property through adverse possession and that the Club, "acting in concert with others" (who remain unspecified), committed an unconstitutional taking of his property in violation of the Texas Constitution. The trial

---

[2] More specifically, Lindig asserted the 1952 Deed was void because of the constitutional defects described in his partial motion for summary judgment and because the Club breached various covenants in the 1927 and 1952 deeds.

Lindig also asserted that the allegedly invalid 1952 Deed created a constructive trust over the property in favor of Albert Lindig and his heirs. This assertion is not a separate ground for relief because "[a] constructive trust is a remedy—not a cause of action," and requires an underlying cause of action such as breach of fiduciary duty, conversion, or unjust enrichment. *Sherer v. Sherer*, 393 S.W.3d 480, 491 (Tex. App.—Texarkana 2013, pet. denied) (citing *Meadows v. Bierschwale*, 516 S.W.2d 125, 131 (Tex. 1974)).

3

court denied Lindig's partial motion for summary judgment. By separate order rendered the same day, the trial court granted the Club's motion and dismissed the entirety of Lindig's lawsuit. Lindig appeals from the order dismissing his claims.

## ANALYSIS

Lindig asserts in a single issue that the trial court erred when it concluded he lacked standing because he indisputably has a interest in the land that is distinct from the general public.[3]

**Applicable Law and Standard of Review**

The standing inquiry "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Courts lack jurisdiction to hear a claim brought by a plaintiff who lacks standing to assert it. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). The general test for standing in Texas requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the requested relief. *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015). The standing inquiry consists of three elements: (1) the plaintiff must have personally suffered a "concrete and particularized . . . actual or imminent" injury, (2) that is fairly traceable to the challenged actions of the defendant, and (3) there is a substantial likelihood the requested relief will remedy the alleged injury. *Meyers v. JDC/Firethorne, Ltd.*, No. 17-0105, ___ S.W.3d ___, ___, 2018 WL 2749769, at *5 (Tex. June 8, 2018). Each party must establish

---

[3] Lindig also challenges the Club's standing to assert its counterclaims. We do not address these arguments because the Club nonsuited its claims in the trial court.

standing to bring each of its claims, meaning courts assess standing "claim by claim." *Heckman*, 369 S.W.3d at 150.

Because standing implicates the trial court's jurisdiction, we review standing issues as we would a plea to the jurisdiction. *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (per curiam) (citing *Brown v. Todd*, 53 S.W.3d 297, 305 n. 3 (Tex. 2001)). "A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Here, the Club challenges Lindig's pleadings. We therefore examine his pleadings to determine if he alleged facts affirmatively demonstrating his standing to bring each of his claims. *See id.* We construe the pleadings liberally in favor of jurisdiction, take all factual assertions as true, and look to the pleader's intent. *Heckman*, 369 S.W.3d at 150. Whether the plaintiff's pleaded facts demonstrate standing is a question of law reviewed de novo. *Sneed*, 465 S.W.3d at 180.

**Discussion**

Lindig had the burden to plead facts "demonstrating that he, himself (rather than a third party or the public at large), suffered . . . [a] concrete and particularized, actual or imminent," injury. *Heckman*, 369 S.W.3d at 155. Lindig argued that the Club is interfering with his present right to possess the property, a right conferred by operation of the reverter clause. To overcome our holding in *Lindig I*, he now asserts that the removal of two outhouses from the property triggered the clause. He contends that these structures qualify because both were used by the employees and

5

students of the school.[4]  This argument is unpersuasive because we held in *Lindig I* that the reverter clause is triggered solely by the removal of the "the building once used as a school." 2015 WL 5096847, at *5.  It is undisputed that the school house itself remains on the land.  Lindig has failed to plead facts showing the reverter clause has been triggered.  As a result, we agree with the Club that Lindig has no standing to challenge the validity of the 1952 Deed.  Even if Lindig successfully established that the 1952 Deed was void, title to the property would rest in the Blanco County Board of Trustees or its successor.  *See Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 549 (Tex. 2016) ("A void instrument passes no title.") (internal quotation marks omitted).  Lindig would not obtain a possessory interest unless the reverter clause was triggered.[5]  *See Cypress-Fairbanks Indep. Sch. Dist. v. Glenn W. Loggins, Inc.*, 115 S.W.3d 67, 70 (Tex. App.—San Antonio 2003, pet. denied) (observing that a "possibility of reverter . . . only becomes a present possessory interest upon the termination of the condition in question").  Lindig has failed to plead facts showing that he personally suffered a particularized injury traceable to the Club's possession of the property.  *See Meyers*, 2018 WL 2749769, at *5.

---

[4]  The Club argues that Lindig's allegation regarding the outhouses is barred by the res judicata effect of our opinion in *Lindig I*.  We do not address this argument because Lindig's new factual allegations fail to maintain his standing in any event.

[5]  Lindig also alleged that the Blanco County Board of Trustees "abandoned" the property and argued, without citation to authority, that the abandonment caused title to revert to him.  It is unnecessary for us to address this argument because neither the Blanco County Board of Trustees nor any successor entity is a party to the case.

Our discussion encompasses all of Lindig's causes of action except his newly asserted claims for adverse possession and unconstitutional taking.[6] Whether Lindig has standing to assert either claim does not depend on the status of the reverter clause or the validity of the 1952 Deed. The Club did not amend its motion to address these claims, and the parties did not address them in their appearances before the trial court. We conclude that by dismissing these claims, the trial court granted more relief than the Club showed itself entitled to receive. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (stating that trial court judgment which grants more relief than requested is erroneous).

We sustain Lindig's issue in part and overrule it in part.

## CONCLUSION

We reverse the trial court's judgment dismissing Lindig's adverse possession and taking claims and remand for further proceedings.[7] We affirm the trial court's judgment in all other respects.

---

[6] Our standing analysis applies to Lindig's cause of action for tortious interference with prospective business relations because Lindig based that claim on his asserted present right to possess the property. Specifically, he alleged that the Club's current possession forced him to turn down multiple offers to rent the property. Our analysis that Lindig failed to plead facts showing that he personally suffered a particularized injury traceable to the Club's possession of the property applies equally to his standing to assert this claim.

[7] We express no opinion on whether Lindig has standing to bring these claims.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Field, and Bourland

Affirmed in Part; Reversed and Remanded in Part

Filed: July 18, 2018