In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00048-CV**

_____

**ICY WADE, Appellant**

**V.**

**BEAUMONT MUNICIPAL TRANSIT AND
CCL MANAGEMENT INC., Appellees**

**On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 0132308**

**MEMORANDUM OPINION**

The issue in this appeal is whether Beaumont Municipal Transit is immune from Icy Wade's suit for damages. Wade based his suit on an injury he claims he suffered from a fall at a bus station operated by Beaumont Transit. Beaumont Transit asserted it was immune from Wade's suit. The trial court granted its plea to the

jurisdiction and signed an order dismissing Wade's claims against Beaumont Transit.[1]

Wade appealed, arguing the trial court erred in dismissing his case after finding he failed to place Beaumont Transit on notice of his claim within six months of the date that he fell. According to Wade, Beaumont Transit acquired sufficient information about his fall within six months of when it occurred to place Beaumont Transit on actual notice of his claim. No party disputes Beaumont Transit's claim alleging it is a governmental unit that he must show is subject to his suit based on a waiver that allows the trial court to hear the suit under the Texas Tort Claims Act (the Act).[2]

We conclude Wade's arguments lack merit, so we affirm.

Background

On August 23, 2017, Icy Wade fell at a bus stop while boarding a city bus. Eight months later, Wade's attorney sent Beaumont Municipal Transit a "Notice of Injury and Claim for Damages." The notice describes the incident, where it occurred, and the damages that Wade claimed resulted from his fall.

In June 2018, Wade sued Beaumont Transit and CCL Management Inc. alleging the defendants were negligent and responsible for the damages that resulted

---

[1]Tex. Civ. Prac. & Rem. Code Ann. § 101.101.
[2]*Id*.

2

from his fall. CCL Management did not answer Wade's suit. Wade obtained a default judgment against that company. CCL Management did not appeal.

As to Beaumont Transit,[3] Wade alleged it "is a municipal entity subject to the Texas Tort Claims Act[.]" Wade also alleged he placed Beaumont Transit "on notice of his claim." The only notice referenced in Wade's petition is the "Notice of Injury and Claim for Damages," the notice Wade's attorney sent Beaumont Transit about eight months after the incident that Wade alleged caused him to fall.

Beaumont Transit filed a plea to the jurisdiction in response to Wade's suit. In its plea, Beaumont Transit alleged it is immune under the Act from Wade's suit because Wade did not provide it with the "Notice of Injury" referred to in his petition within six months of his fall.

When Wade responded to the plea, he asserted Beaumont Transit was on actual notice of his claim within six months of the date he fell at a Beaumont Transit's bus station. Wade alleged he called someone named "Mr. Munson with

---

[3]From Wade's pleadings, we conclude both Beaumont Transit and Wade viewed Beaumont Transit as a *transit department*. Transit departments are municipal departments created by municipalities under Chapter 453 of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 453.001(3) (defining *transit department*). Since Wade alleged Beaumont Transit is a municipal entity and Beaumont Transit did not dispute that claim, we review the evidence by assuming Beaumont Transit is a transit department, created and operated by the City of Beaumont. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (when no one has disputed that the Tort Claims Act applies, the reviewing court determines from the pleadings and evidence before the trial court whether the "claim comes within a statutory waiver of immunity").

CCL, informing him of the fall and claim" by telephone. Wade also attached two exhibits to his response. One is an undated letter, addressed and allegedly faxed to "Sherman Lajner" in September 2017. The other is a document Wade titled as a "Check List." The checklist describes how and where Wade claims he fell and contains information about where Wade could be reached. Wade testified he faxed these documents to Lajmer because Lajmer handled another, earlier claim that he filed against the City of Beaumont. According to Wade, he sent copies of the documents to Lajmer by fax, and he also faxed copies to an elected official (the City's mayor), and two City employees (the City Attorney and a "Mr. Boone"). We note that Wade misspelled Lajmer's name when he addressed the undated letter by spelling it "Lajner" rather than Lajmer, which the record shows is the proper spelling for Lajmer's name.[4]

The trial court conducted two hearings on Beaumont Transit's plea. In the first hearing in April 2019, Wade acknowledged he had no receipts to prove the letters (the undated letter and the checklist) he claims to have faxed were received by those to whom they were faxed. That said, Wade testified he "[could] get all of [the fax receipts]" from the person whom he claimed had faxed the letters at his request.

---

[4]We know Lajmer spells his last name based on the affidavit Lajmer signed that is in the record before us in the appeal. Lajmer's affidavit reflects he spells his last name Lajmer. We use that spelling and assume that Wade misspelled Lajmer's name when creating and addressing the documents marked in the hearing as Exhibits A and B.

The undated letter and check list, attached to Wade's response as Exhibits A and B, have numbers by four of the five names mentioned in the letters, the numbers are beside the names of Lajmer, the mayor, the City Attorney, and Boone. But the numbers besides the mayor and Boone in the first letter, Exhibit A, differ from the numbers Wade placed beside those same names on his checklist, Exhibit B. In one of the hearings, Wade also testified he had a letter with him at the hearing from Lajmer in response to the letters he had faxed. He claimed that letter shows that Lajmer received the letters. Still, Wade never produced the letter from Lajmer in any of the hearings. He also never filed the letter from Lajmer as a supplemental exhibit, assuming it exists. For those reasons, there is no letter from Lajmer in the record Wade filed in his appeal.

When the April hearing concluded, Beaumont Transit argued that Wade's testimony, without more, did not prove it *received* the letters Wade included with his response. Yet, Beaumont Transit asked the trial court, given Wade's testimony about faxing the letters to people to leave the record open so it could respond to Wade's testimony claiming to have faxed the two letters. The trial court granted the request, which left the record open. At the end of the April hearing, the trial court also told Wade he needed "proof that not only [did he] sen[d] the document[s], but that the entity [he] addressed [them] to had received [them]."

The second hearing occurred in May 2019. The day before that hearing, Beaumont Transit supplemented the record with two affidavits, one from Jonathan

Clegg, the other from Sherman Lajmer. Clegg swore he is the Assistant General Manager for Beaumont Transit. He acknowledged that Wade called him in September 2017. According to Clegg, during that call Wade told him he was injured in a fall at the Dannenbaum Bus Station in August 2017.[5] Clegg's affidavit also states he asked Wade to provide information about the fall, information such as Wade's address, the names of any witnesses, exactly where he fell at the station, and how the fall occurred. Clegg explained Wade refused to provide any details and "hung up." Clegg's affidavit also describes the search he had conducted for the letters Wade claims he had faxed to the mayor and City of Beaumont employees. According to Clegg, his search revealed the City first received a written notice describing Wade's fall in March 2018, referring to the notice the City had received from Wade's attorney more than six months after the alleged fall.

The City also filed an affidavit signed by Lajmer. In his affidavit, Lajmer states he is an independent adjuster for a claims service in Houston. Lajmer also stated he is not employed by or an agent of Beaumont Transit. Lajmer described his recollection about Wade's prior claim that he was hired to handle by the City, explaining that claim arose two years earlier against Beaumont Transit. Even so, Lajmer stated, he no longer has Wade's prior claims file. Lajmer recalled that claim arose from an injury Wade suffered "on a bus." Lajmer concluded that he, nor the

[5]The Dannenbaum Bus Station is close to the federal courthouse, a downtown area in the City of Beaumont.

6

claims service he works for, were hired to adjust Wade's claim for "an injury that allegedly occurred in August or September of 2017."

No witnesses testified in the second hearing in May 2019. Beaumont Transit's attorney appeared for the hearing, but Wade and Wade's attorney did not. Beaumont Transit's attorney argued Wade failed to establish that Beaumont Transit was on formal or actual notice of his claim based on an alleged fall in August 2017. The failure to provide notice, according to Beaumont Transit's attorney, deprived the trial court of jurisdiction over the claims Wade included in his lawsuit. In response, the trial court said: "I believe you're correct. The motion is granted." The order the trial court signed dismissing Wade's claims against the City fits its conclusion that Wade failed to plead and prove that the City of Beaumont was on notice of his claim as required by the Act. The order of dismissal, however, was interlocutory because it did not dispose of Wade's claims against CCL Management, the other defendant in the suit.

Four months later, Wade supplemented his response to Beaumont Transit's plea. His supplemental response includes an affidavit, which Wade signed. Wade swore in his affidavit that the documents he attached to his affidavit are records that he keeps in his business involving the lawsuit. The documents Wade attached to his affidavit consist of a two-page letter that he claims he sent to the State Board of Insurance, a fax-verification report, and three pages of documents. The fax-verification report reflects Wade sent five pages of documents to a number at a 512-

area code, a number we presume to point to someone associated with the State Board of Insurance. Even so, a 512-area code differs from the area codes for officials or employees with the City of Beaumont, since those individuals would have 409-area codes. Nothing in the documents Wade filed reflect Wade ever sent the documents attached to his affidavit to anyone employed by or associated with the City of Beaumont or its transit department.

After Wade filed his supplemental response and affidavit, Beaumont Transit moved to dismiss Wade's claims with prejudice. In December 2019, the trial court conducted a hearing on the motion to dismiss. The attorneys for Wade and Beaumont Transit appeared for the hearing. Beaumont Transit argued the evidence did not support Wade's allegations about formal or actual notice to prove Beaumont Transit was on notice of Wade's claim based on the requirements of the Act, six months from the date Wade fell. The trial court advised the attorneys it would take the case under advisement, "read the pleadings again" and then decide Beaumont Transit's motion seeking a dismissal of Wade's claims with prejudice. Later that month, the trial court signed an order granting the motion, dismissing Wade's claims with prejudice but only as to his claims against Beaumont Transit, not CCL Management. Once again, the trial court's order remained interlocutory because the order of dismissal did not dispose of all of Wade's claims against all defendants that he had sued.

Just one month later, in January 2020, the trial court signed a final judgment in which it disposed of all of Wade's claims. The final judgment awards Wade damages against CCL Management and dismisses Wade's claims against Beaumont Transit. Wade filed a timely notice perfecting his right to appeal from the final judgment dismissing the claims at issue here.

Standard of Review

"[W]hen the jurisdictional issue is not intertwined with the merits, we must defer to the trial court's express or implied factual determination that are supported by sufficient evidence."[6] The trial court in exercising its discretion about whether to grant Beaumont Transit's plea chose not to believe Wade's testimony that he faxed copies of letters to Lajmer and others in September 2017. To resolve the appeal, the question we must answer is whether the trial court's implied findings, which favor Beaumont Transit on formal and actual notice, are reasonable given the evidence before the trial court when it signed the final judgment.

When before the trial court, Wade bore the burden of proof on his claim alleging notice.[7] On appeal, we review rulings dismissing lawsuits for lack of jurisdiction de novo.[8] When the evidence of notice is disputed (the situation here) fact questions arise.[9] The fact questions—whether Wade faxed letters to the mayor

---

[6]*Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019).
[7]*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).
[8]*Id*.
[9]*Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004).

and City of Beaumont employees in September 2017 and whether Lajmer, in August or September 2017, was an agent or employee of the City or its transit department for purpose of notice of a claim under the Act—are not intertwined with the merits of Wade's case. That's because the issues about the merits of Wade's injury claim involve whether Wade fell at a bus station, whether he was injured in the fall, and whether Beaumont Transit's negligence, if any, caused the fall. But the questions of notice—whether the City of Beaumont or its transit department were on formal or actual notice of a claim subject to the Act—are not intertwined with the questions needed to be resolved in a trial about whether the City or its transit department were negligent and whether they caused Wade's fall.[10]

## Analysis

The Act requires a person who is injured by the negligence of a governmental unit or its employees to provide the governmental unit with notice (formal or actual) of a claim alerting the governmental unit of its need to investigate the circumstances of the claim.[11] Under the Act, governmental units are entitled to either formal or actual notice of the claim within six-months of the date an injury occurred before the Act authorizes governmental units to be sued for personal injury claims arising from a defect that exists on property owned or controlled by a governmental unit.[12] Here,

---

[10]*Worsdale*, 578 S.W.3d at 66.
[11]*Id*. at 64.
[12]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101.

both parties produced evidence addressing whether Wade gave Beaumont Transit the required notice in the letters Wade testified he had faxed to the City of Beaumont's mayor and two its employees in September 2017, which is within six months of the date Wade claims he fell.

The trial court examined Wade's evidence and the evidence produced by Beaumont Transit to decide Beaumont Transit was notified of Wade's claim based on the requirements in the Act. The trial court found the evidence of formal and actual notice was lacking, so we must imply the trial court determined Wade did not fax copies of letters to the City as he claimed. That finding is reasonable based on the evidence the parties provided in the court below. For instance, Clegg's affidavit shows he searched but failed to locate the letters Wade claimed he faxed to the mayor and other City of Beaumont employees.[13] The decision is reasonable for many reasons, including that Wade failed to produce the fax-transmittal reports to show the documents were received by those to whom he testified he sent them.

While Wade testified he faxed the letters to various individuals, the trial court heard him testify and could have decided he was mistaken about having faxed the documents given his testimony that he is not the person who faxed them. And the fact the letters list different numbers for the several individuals Wade included in

---

[13]*See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (trial court determined jurisdictional issue after an evidentiary hearing at which witnesses testified); *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015); *Miranda,* 133 S.W.3d at 226.

11

the letters creates even more doubt on whether the letters were received by those to whom Wade claims they were sent. Clegg's affidavit states he searched for letters but located only one document, the "Notice of Injury" Wade's attorney sent the City in March 2018. Lajmer's affidavit reinforces the trial court's finding that Lajmer was not an agent or employee of the City or its transit department when the fall Wade alleged occurred in August 2017.

The rest of the evidence does help Wade on formal or actual notice to the City of Beaumont or its transit department. Of course, we concede Clegg was aware of Wade's injury in September 2017, as the only evidence in the record is that Wade telephoned Clegg and informed Clegg he fell. But Wade never testified about his conversation with Clegg in any of hearings. Wade also never provided the trial court with an affidavit contradicting Clegg's affidavit stating Wade hung up on him when he was asked for information about the fall. Clegg swore Wade told him nothing more than he had fallen and injured himself at the Dannenbaum Bus Station. But Wade, Clegg stated, refused to provide any other information about the fall. Under Texas law, nothing more than knowledge of a reported injury is not enough evidence to prove actual notice of a claim.[14] In other words, the information Wade gave Clegg in the telephone call fails to show that Beaumont Transit was subjectively aware that

_____

[14]*See Worsdale*, 578 S.W.3d at 64 ("When the facts do not even imply the governmental unit's fault, they are legally insufficient to provide actual notice.").

12

Wade would later claim that Beaumont Transit negligently failed to warn or to repair the premises and prevent the injury he suffered in his August 2017 fall.[15]

Wade also argues the trial court erred by failing to consider the judgment he took against CCL Management by default in resolving whether the City of Beaumont and its transit department were on notice of his claim. We infer Wade is referring to the fact CCL Management admitted the allegations of fact in Wade's petition because it failed to answer the suit. According to Wade, CCL Management's admissions amount to evidence the trial court should have but failed to consider when deciding whether his proof showed Beaumont Transit was on actual or formal notice of his claim.

We recognize the factual allegations in Wade's pleadings as to CCL Management operate as admissions. Even so, Wade is mistaken about the effect of admissions by one party on other parties to a case. Under Texas law, admissions by a party establish a matter only "as to the party making the admission[.]"[16] So while the admissions CCL Management made when it failed to file an answer were binding on it, they are irrelevant to the claims Wade made against Beaumont Transit. The Texas Supreme Court explained that, under Rule 192 of the Texas Rules of

---

[15]*City of San Antonio v. Tenorio*, 543 S.W.3d 772, 778 (Tex. 2018) (holding that evidence that a vehicle being pursued by the police was involved in a collision and an occupant in the vehicle was killed or seriously injured "is not, by itself, sufficient to raise a fact question about whether the City . . . had subjective awareness that it was in some manner at fault in connection with the collision").

[16]Tex. R. Civ. P. 198.3.

Procedure, "admissions are binding only against the party making the admission."[17] We conclude Wade's argument claiming the trial court erred in failing to consider CCL Management's admission in deciding whether to grant Beaumont Transit's plea to the jurisdiction have no merit and is overruled.

## Conclusion

In short, the trial court found Wade failed to prove he gave Beaumont Transit formal or actual notice of his claim as required by the Act. Under the Act, Wade bore the burden of pleading and proving Beaumont Transit was on notice of his claim.[18] Because the trial court's findings on the jurisdictional issues are reasonable, the judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 18, 2021
Opinion Delivered October 21, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

---

[17]*U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008) (cleaned up).

[18]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101.

14