

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00457-CV

---

## IN THE INTEREST OF A.M.M., A CHILD

---

On Appeal from the 137th Judicial District Court
Lubbock County, Texas
Trial Court No. DC-2023-FM-2124, Honorable John J. "Trey" McClendon III, Presiding

---

December 6, 2024

## MEMORANDUM OPINION

Before PARKER, and DOSS and YARBROUGH, JJ.

Appellant K.C.[1], biological mother of A.M.M., proceeding pro se, challenges the dismissal of her Suit Affecting the Parent-Child Relationship ("SAPCR") by the trial court in favor of Appellees, T.M. and R.M., the maternal grandparents and adoptive parents of A.M.M. As her sole issue she claims the trial court erred by dismissing her suit for lack of standing. We affirm.

---

[1] K.C.'s husband, C.C., was also identified as a party in the filing of this appeal. However, because he did not appear as a party in the underlying proceeding, he does not have the right to an appeal. *See* TEX. R. APP. P. 25.1(a),(c). Therefore, we do not consider C.C.'s "appeal" in this matter.

## BACKGROUND

In 2015, Mother was reported to the Department of Family and Protective Services by her stepfather, T.M., due to her drug use. In 2018, Mother voluntarily relinquished her parental rights, and A.M.M.'s grandparents, T.M. and R.M., adopted her. After the adoption, according to Mother, Grandparents promised to return A.M.M. to her after she completed rehab and her service plan, which she did by 2020. Although there was no formal agreement between Mother and Grandparents, A.M.M. lived off-and-on with Mother until 2023, when Grandparents became concerned Mother had relapsed into drug use. Mother also had become involved with her now-husband, of whom Grandparents disapproved. Grandparents told Mother she was to no longer have contact with A.M.M. A few months later, Mother filed a SAPCR seeking to be appointed the sole managing conservator of A.M.M. Grandparents responded by filing a plea to the jurisdiction and a motion to dismiss. After conducting a hearing in which it received testimony from Mother, a caseworker, and Grandfather, the trial court granted the motion and dismissed Mother's SAPCR.

## STANDARD OF REVIEW

Courts lack subject-matter jurisdiction to adjudicate disputes initiated by parties lacking standing. *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015). Because standing is a component of subject-matter jurisdiction, we consider standing issues as we would a plea to the jurisdiction. *Id.* (internal quotations omitted). We review a trial court's ruling on a plea to the jurisdiction de novo. *Farmers Tex. Cty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (citing *Presidio Indep. Sch. Dist. v. Scott*,

2

309 S.W.3d 927, 929 (Tex. 2010)). In applying a de novo standard of review, we construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties. *Beasley*, 598 S.W.3d at 240 (citing *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018)). We defer to the trial court's factual determinations if they are supported by the evidence, but we review its legal determinations de novo. *In re Bowers*, 635 S.W.3d 756, 759 (Tex. App.—Amarillo 2021, no pet.) (citing *Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 494 (Tex. App.—Dallas 2011, pet. denied)).

## ANALYSIS

Mother's suit was dismissed by the trial court pursuant to a plea to the jurisdiction for lack of standing under the Texas Family Code. Mother argues she had standing because she "had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(9). In response, Grandparents argue she had no standing because: (a) Mother did not file her suit within ninety days of relinquishing custody back to them; and (b) she is precluded from filing suit under § 102.006(a)(1). We address Mother's statutory standing under § 102.006 because it is dispositive of this appeal.

Because standing to bring a SAPCR is governed by statute, we apply statutory-interpretation principles in determining whether a plaintiff falls within the category of persons upon whom such standing has been conferred. *In the Interest of H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (citation omitted). We review issues of statutory construction de novo. *Silguero v. CSL Plasma*, 579 S.W.3d 53, 59 (Tex. 2019) (citations omitted). In construing statutes, our primary objective is to give effect to the Legislature's

3

intent. *Id.* A statute's plain language is the most reliable guide to the Legislature's intent. *Id.* The statutory terms bear their common, ordinary meaning, unless the text provides a different meaning or the common meaning leads to an absurd result. *Id.* In interpreting statutes, we must look to the plain language, construing the text in light of the statute as a whole. *Id.* If the statute's plain language is unambiguous, we interpret its plain meaning, presuming that the Legislature intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include. *Id.* We must enforce the statute as written and refrain from rewriting the text that lawmakers chose. *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 183 (Tex. 2022) (citations and internal quotations omitted).

> The Family Code provides the following limitation on standing:
>
> "[I]f the parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by . . . a former parent whose parent-child relationship with the child has been terminated by court order[.]"

§ 102.006(a)(1). The limitations on filing suit "do not apply to a person who: (1) has a continuing right to possession of or access to the child under an existing court order; or (2) has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit." § 102.006(b). In this case, it is undisputed that:

- Mother's parental rights were voluntarily terminated in a suit brought by the Texas Department of Family and Protective Services;

- Grandparents successfully adopted A.M.M., terminating the relationship between A.M.M. and every living parent;[2]

---

[2] *See* § 162.001(b), (c).

4

- Mother does not have a right to possession of A.M.M. under an existing court order; and

- she did not receive permission to file the SAPCR from Grandparents.

The plain text of the statute prohibits a parent whose rights have been terminated from filing a SAPCR. In addition, Mother does not fall under an exception to the limitations on filing suit. Thus, she is statutorily prohibited from filing suit and lacked standing to bring her SAPCR. *See In re R.B.*, No. 02-16-00387-CV, 2016 Tex. App. LEXIS 12368, at *13 (Tex. App.—Fort Worth Nov. 17, 2016, no pet.) (mem. op.).[3]

Because the parental relationship of every living parent of A.M.M. was previously terminated by court order, Mother did not have standing to bring a SAPCR. The trial court properly granted Grandparents' plea to the jurisdiction. We overrule Mother's sole issue.

### CONCLUSION

The judgment of the trial court is affirmed.

Alex Yarbrough
Justice

---

[3] Mother contends in her notice of appeal and her briefing her relinquishment of her parental rights was obtained through "fraud, duress, and coercion." However, because this argument was not presented to the trial court, it is not preserved for our review. TEX. R. APP. P. 33.1.

5