ACCEPTED
15-25-00094-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/22/2025 1:23 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00094-CV

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/22/2025 1:23:28 PM
CHRISTOPHER A. PRINE
Clerk

*In re* M. Brett Cooper, M.D.,
*Relator.*

On Writ of Mandamus
493rd Judicial District Court, Collin County

## STATE'S RESPONSE TO DR. COOPER'S
## EMERGENCY MOTION TO STAY
## PENDING PETITION FOR WRIT OF MANDAMUS

**To the Honorable Fifteenth Court of Appeals:**

Absent from Dr. Cooper's emergency stay motion is a critical procedural fact: Judge Nowak, presiding over this case in the 493rd Court in Collin County, has already considered Dr. Cooper's jurisdictional arguments *and denied them* on February 28, 2025. MR.219. While those arguments were originally raised in a Rule 91a motion to dismiss, they were virtually identical in substance and form to those raised in Dr. Cooper's new plea to the jurisdiction. At the original motion to dismiss hearing, the court ruled that the State's Petition adequately alleged jurisdiction over Dr. Cooper, ruled that his claims of sovereign immunity were based on facts outside the Petition and not yet produced in discovery, and informed Dr. Cooper that he could reraise his jurisdictional arguments and present relevant evidence *after* jurisdictional discovery concluded. This is consistent with Supreme Court precedent and other appellate

holdings. *See, e.g.*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004) ("When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a further development of the case."); *accord In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, No. 04-24-00538-CV, 2025 WL 466069, at *3 (Tex. App.—San Antonio Feb. 12, 2025, no pet.) ("When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties and necessary to resolve the jurisdictional issues raised.").

Instead of participating in jurisdictional discovery (which is one subject of the upcoming May 29, 2025 hearing that Dr. Cooper seeks to stay), Dr. Cooper refiled his arguments as a plea to the jurisdiction on April 25, 2025. MR.251. He now seeks to *stay this case in its entirety*, including depositions in June that he has already agreed to. But because the trial court *already rejected* his exact jurisdictional arguments as based on facts not yet in evidence, and because jurisdictional discovery has not yet concluded, the court noted it was "not yet ripe to reset these issues for a second hearing." MR.654.

All that is well within the trial court's discretion, and is consistent with case law regarding jurisdictional discovery. The emergency stay of this case, and the mandamus petition itself, should be denied.

## BACKGROUND

On February 3, 2025, Dr. Cooper filed a Rule 91 motion to dismiss the State's DTPA claim against him based on the Texas Tort Claims Act and sovereign immunity. MR.48. Dr. Cooper argued that as an employee of UTSW, which is a government hospital, he was immune from suit under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.106(f) (TTCA), and that because the State should have sued UTSW instead of himself, he was excused from TTCA's requirement to substitute his employer because his employer had sovereign immunity. MR.50–57. He also argued the State failed to adequately plead its DTPA claim. MR.57.

The State opposed Dr. Cooper's motion. MR.65. The State pointed out several flaws, including that his arguments relied on affirmative defenses outside the pleadings; that his TTCA claim was based on alleged jurisdictional facts outside the pleadings that would require significant jurisdictional discovery to determine; and that because UTSW was not a party to the suit, sovereign immunity did not apply. MR.65–67, 70–75.

On February 28, 2025, after a hearing, the court denied Dr. Cooper's motion. The court expressly held regarding Dr. Cooper's TTCA and sovereign immunity claims: "I think the arguments y'all have raised require the Court to consider evidence. I just think that's where we're at. And so while I don't think they're properly raised in a 91a context, I am simply denying them as premature because the Court has to consider evidence." MR.205 68:3–11.

The court further encouraged the parties to confer on what types of jurisdictional discovery would be appropriate to decide "what the relevant discovery is,"

4

such as "billing records . . . , who actually paid—who received the payment for the treatment, was it UT Southwestern, was it Children's [a nongovernmental entity]," and other issues. MR.206 69:6–24.

Consistent with this ruling and with the State's arguments, the State has already sought billing records from Dr. Cooper. Indeed, the State sought billing records on January 29, 2025—before Dr. Cooper filed his motion to dismiss, and long before the court noted they would need to be produced to resolve his TTCA and sovereign immunity claims. MR.393 (Dr. Cooper's responses to the January 29, 2025 requests for production). Dr. Cooper has refused to produce such records, and the State filed a motion to compel production of these documents, along with other discovery, on May 1, 2025. MR.345, 357 (noting that Dr. Cooper refused to produce billing records because the term was "vague, ambiguous, and overbroad," and additionally that they "seek information not related to the claims or defenses in this action").

While Dr. Cooper refused to produce those records that the court expressly noted were relevant to his jurisdictional claims, Dr. Cooper did choose to selectively produce a small subset of documents purporting to demonstrate his state employment by UTSW, including offer letters and paystubs. MR.346 (noting Dr. Cooper has produced "a small production of documents comprised solely of his curriculum vitae ("CV") and documents concerning transactional terms of his employment").

After refusing to produce billing records, Dr. Cooper repackaged his original motion to dismiss claims as a new plea to the jurisdiction, filed April 21, 2025. MR.251. The arguments are near verbatim from the motion to dismiss; the only substantive changes are the inclusion of the aforementioned cherrypicked jurisdictional

evidence. Dr. Cooper also included a new 91a motion to dismiss a new claim brought by the State related to unlawful prescription of controlled substances that lacked a valid medical purpose. MR.287.

On May 6, 2025, after Dr. Cooper requested to set a hearing on his plea to the jurisdiction, the court's clerk asked whether "full discovery regarding the employment and privilege issues discussed at the February hearing occurred?" MR.654. "If no, as discussed at the Feb hearing, it would appear we are not ripe to reset these issues for a second hearing." *Id.* Because full discovery on these issues has yet concluded—indeed, other than a few documents produced by Dr. Cooper, it has not even begun—the court declined to set the plea to the jurisdiction for a hearing. The court did agree to set Dr. Cooper's new motion to dismiss and the State's motion to compel for a hearing on May 29, 2025. *Id.*

On May 21, 2025, Dr. Cooper filed a mandamus petition seeking to force a hearing on his renewed jurisdictional arguments and sought to stay the trial court proceedings in their entirety, including the May 29, 2025 hearing to compel them to produce jurisdictional and other discovery.

## ARGUMENT

### I.  The Trial Court Did Not Abuse its Discretion by Refusing to Reset a Second Hearing on Already-Rejected Arguments Until the Conclusion of Jurisdictional Discovery.

Dr. Cooper's jurisdictional arguments have already been rejected by the trial court once, and the court did not abuse its discretion by refusing to reschedule them for a second hearing until jurisdictional discovery has concluded.

**A. Dr. Cooper's original 91a motion to dismiss arguments should have been filed as a plea to the jurisdiction, and the trial court treated them as such.**

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). This includes claims of governmental immunity brought under the TTCA. *See, e.g.*, *Nat'l Sports & Spirit, Inc. v. Univ. of N. Tex.*, 117 S.W.3d 76, 82 (Tex. App.—Fort Worth 2003, no pet.) (holding a plea to the jurisdiction based on TTCA governmental immunity should not have been granted because the pleadings failed to establish all its elements).

At the February 28 hearing on Dr. Cooper's motion to dismiss, the court expressly recognized that Dr. Cooper's arguments were not "properly raised in a 91a context," implying that as jurisdictional arguments, they should have been brought as a plea to the jurisdiction. MR.205 68:9–11. Indeed, the court properly treated Dr. Cooper's arguments as the jurisdictional challenges that they were, and denied them. *Id.* 68:3–11. This demonstrates that Dr. Cooper has essentially already presented this plea to the jurisdiction to the court, though filed under the wrong name and rule, the court construed it as a plea to the jurisdiction, and the court denied it.

**B. The trial court properly denied a rehearing on jurisdictional arguments until jurisdictional discovery concludes, which it has not.**

Because Dr. Cooper's jurisdictional arguments are based on jurisdictional evidence, such as his employment agreements, but there is still significant jurisdictional

7

evidence outstanding, the trial court did not abuse its discretion in refusing to rule on Dr. Cooper's jurisdictional arguments until the close of jurisdictional discovery.

When jurisdictional facts are disputed, "disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact." *Miranda*, 133 S.W.3d at 226. "When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a further development of the case." *Id.* at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28.

This is the exact situation contemplated in *Miranda*. Here, the trial court has already held a hearing on its own subject matter jurisdiction, including on Dr. Cooper's jurisdictional arguments. The court denied Dr. Cooper's arguments based on the pleadings, then ruled his arguments based on jurisdictional facts could not be determined until jurisdictional discovery had concluded, including consideration of billing records (as-yet unproduced) and other discovery. MR.205 68:10–11 ("I am simply denying [the jurisdictional arguments] as premature because the Court has to consider evidence."); MR.206 69:6–24 ("the billing records are relevant"). Dr. Cooper then resubmitted his jurisdictional arguments based on both the pleadings (which the trial court denied on February 28) and jurisdictional facts, this time properly styled as a plea to the jurisdiction. MR.251. His arguments rely on jurisdictional facts that likely will be contested after further discovery is produced. MR.266–

8

67 (laying out evidence of jurisdiction). The court "exercise[d] its discretion" to "await a further development of the case"—namely, the completion of jurisdictional discovery—before deciding the issue. *Miranda*, 133 S.W.3d at 227; *accord Vernco Constr., Inc. v. Nelson,* 460 S.W.3d 145, 149 (Tex. 2015) ("The jurisdictional determination should be made as soon as practicable because a court should not proceed with a case over which it has no jurisdiction; however, the court has discretion to defer the decision until the case has been more fully developed.").

In sum, the trial court's actions here fell squarely within her discretion. A stay of all proceedings, including a motion to compel the exact jurisdictional discovery that Dr. Cooper seeks to evade with this mandamus action, is not appropriate.

# PRAYER

For the foregoing reasons, the State respectfully prays that this Honorable Court deny Relator's Emergency Motion to Stay and deny the mandamus petition. Should the Court desire additional briefing on these issues, the State will file a mandamus response at a date of the Court's choosing.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

/s/ Abigail E. Smith
ABIGAIL E. SMITH
Assistant Attorney General
State Bar No. 24141756

Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711
Tel: (214) 290-8830
Fax: (214) 969-7615
*Counsel for the State*

10

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 101163214
Filing Code Description: Response
Filing Description: 20250522 States Resp to Emerg Mtn Stay
Status as of 5/22/2025 1:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Avi Moshenberg | | avi.moshenberg@lmbusinesslaw.com | 5/22/2025 1:23:28 PM | SENT |
| Simona Agnolucci | | SAgnolucci@willkie.com | 5/22/2025 1:23:28 PM | SENT |
| Dyer Barrington | | bdyer@willkie.com | 5/22/2025 1:23:28 PM | SENT |
| Anika Holland | | aholland@willkie.com | 5/22/2025 1:23:28 PM | SENT |
| Zoe Packman | | zpackman@willkie.com | 5/22/2025 1:23:28 PM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 5/22/2025 1:23:28 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| David Shatto | | david.shatto@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Pauline Sisson | | david.shatto@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 5/22/2025 1:23:28 PM | SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 5/22/2025 1:23:28 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 5/22/2025 1:23:28 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 5/22/2025 1:23:28 PM | SENT |