**WAYNE HARWELL PROPERTIES, and N. Wayne Harwell, Appellants,**

**v.**

**PAN AMERICAN LOGISTICS CENTER, INC. and Vaughan & Sons, Inc., and Browning–Ferris, Inc., Appellees.**

No. 04–96–00545–CV.

Court of Appeals of Texas, San Antonio.

April 9, 1997.

James Willingham, Jr., Law Offices of Pat Maloney, P.C., San Antonio, for appellants.

G. Wade Caldwell, Martin, Drought & Torres, Inc., Reese L. Harrison, Jr., Craig A. Stokes, Oppenheimer, Blend, Harrison & Tate, Inc., San Antonio, for appellees.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

RICKHOFF, Justice.

This is an appeal from summary judgment in a declaratory judgment action. Pan American Logistics Center and Vaughan & Sons, Inc. ("Vaughan") sought a declaratory judgment that agreements between themselves and Wayne Harwell Properties Inc. and N. Wayne Harwell ("Harwell") burdening a piece of land were personal covenants unenforceable against a third party purchaser, Browning–Ferris Inc. ("BFI"). The agreements concerned Harwell's right of first refusal to be general contractor on any improvements to the land, as well as a 20–year assignment of 15 percent of "net cash flow interest" from the land to Harwell. Harwell filed a general denial and counterclaimed for 1) a declaratory judgment that the agreements were real covenants running with the land and enforceable against BFI; 2) in the alternative, reformation of the instrument based on mistake of fact to make the covenants run with the land. We hold that assignment of an interest in the cash flow from land is only a personal covenant and cannot run with or burden that land.

## FACTS

Vaughan and Harwell signed development agreements containing the covenants in question in 1993 and 1994, on acreage totalling about 600 acres. The agreements were duly recorded in the Bexar County deed records. At the time, the two were contemplating a foreign trade zone and warehouse development, with Vaughan contributing land and Harwell the development expertise. In addition to the cash flow and right of first refusal agreements, the parties agreed Vaughan's cash flow obligations would be superseded if Harwell could sell the land; at that point Vaughan would pay Harwell a commission and Harwell would seek to enforce the covenants against the third-party purchasers. However, the warehouse development has yet to occur. Instead, Vaughan sold about 96 acres to BFI for a landfill extension and filed the instant declaratory judgment action. Harwell joined BFI as a third-party defendant in the action; BFI counterclaimed for attorney's fees. Harwell and Vaughan moved for summary judgment, with BFI joining in Vaughan's motion. The trial court granted Vaughan's motion for summary judgment and denied Harwell's. In one point of error Harwell complains both that the trial court improperly granted Vaughan's summary judgment and that his motion for summary judgment should have been granted.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## COVENANTS THAT RUN WITH THE LAND

In order for a party to enforce an agreement burdening land against a successor to the party with whom he covenanted, the agreement must run with the land. Covenants that run with the land may be either real covenants or equitable covenants. 18 Tex Jur.3d *Covenants, Conditions, and Restrictions* § 8 (1981).

For a covenant to run with the land at law, and so be enforceable at law so as to bind successors in title, the covenant must be made between parties who are in privity of estate at the time the covenant is made, and must be contained in a grant of the land or in a grant of some property interest in the land. *Panhandle & S.F. R. v. Wiggins,* 161 S.W.2d 501 (Tex.Civ.App.—Amarillo 1942, writ ref'd w.o.m.). It must touch and concern the land; relate to a thing in existence, or specifically bind the parties and their assigns; must be intended by the original parties to run with the land; and the successor to the burden must have notice. *Westland Oil Development Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 911 (Tex.1982).

An equitable covenant is the second variant of covenants which run with the land. These do not, strictly speaking, run with the land, but are binding against subsequent purchasers who acquire the land with notice of the restriction. 18 Tex Jur 3d *Covenants, Conditions, and Restrictions* § 15 (1981). If no privity of estate existed between the original parties, it must be shown that the restriction is imposed for the benefit of adjacent land; absent this showing, the covenant will be construed as a personal covenant with the grantor. *Davis v. Skipper,* 125 Tex. 364, 83 S.W.2d 318 (1935).

It is undisputed that Harwell does not own land that would be benefitted by the restrictions on the Vaughan property; therefore, absent privity of estate between the parties, we cannot find this to be an equitable servitude. *Skipper,* 125 Tex. 364, 83 S.W.2d at 321–322. Since privity of estate is a precondition for a covenant running with the land at law, whether the parties conveyed an interest in the land by their agreement will be dispositive of this appeal.

Harwell contends that Vaughan's grant of a cash-flow interest in the land in question qualifies as a grant of interest in the land sufficient to create privity of estate between the parties. However, Harwell does not point us to a statute or a case which shows that Texas recognizes this.

Privity of estate means that there must be a mutual or successive relationship to the same rights of property. *Panhandle & S.F. R. v. Wiggins,* 161 S.W.2d at 504–505. Texas has accepted the view that this requirement is satisfied by either simultaneous or successive interests in the same land. Howard R. Williams, *Restrictions on the Use of Land—Covenants Running with the Land at Law,* 27 Tex. L.Rev. 419, 446 (1949). At least one case has held that the interest transferred must convey the land involved, or an easement in the land, in order to meet the privity of estate requirement. *Clear Lake Apts. v. Clear Lake Utilities,* 537 S.W.2d 48, 51 (Tex.Civ.App.1976), *affirmed as modified sub nom. Clear Lake Water Auth. v. Clear Lake Util.,* 549 S.W.2d 385 (Tex.1977).

The cases show a reluctance to characterize interests as running with the land. As one leading case put it: "Land is an article of commerce. It should be subject to ready sale and lease. To burden lands with personal covenants would be to hamper and impede real estate transactions to the detriment of owners, purchasers and agents." *Blasser v. Cass,* 158 Tex. 560, 314 S.W.2d 807, 809 (1958).

We are persuaded by the reasoning of the *Blasser* and the *Clear Lake Utilities* decisions. We hold that an interest in the cash flow from a piece of land is not so closely linked to the land itself that it constitutes an interest in the land and so satisfies the privity of estate requirement. Finding no privity of estate between the parties, Harwell's attempt to enforce these conditions against BFI must fail because they are merely personal covenants between Harwell and Vaughan.

The judgment of the trial court is in all things affirmed.