No. 04-98-00835-CV



N. Wayne HARWELL and Wayne Harwell Properties, Inc.,


Appellants



v.



VAUGHAN & SONS, INC., 


Pan American Logistics Center, Inc.,

Curtis T. Vaughan, Jr. and Curtis T. Vaughan, III,

Appellees



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-17888


Honorable John J. Specia, Jr., Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: March 10, 1999


AFFIRMED


 This is an appeal of a summary judgment based upon the affirmative defense of res judicata.
For the reasons stated in this opinion, we affirm.

 Factual and Procedural Background


 The facts of this contractual dispute are developed in Harwell I. See Wayne Harwell Prop.
v. Pan Amer. Logistics, 945 S.W.2d 216, 217 (Tex. App.--San Antonio 1997, writ denied). Harwell
has continued his efforts to collect on a net cash flow interest he claims to have acquired from the
appellees (collectively referred to as Vaughan) in property they developed and sold to BFI in 1995.
In Harwell I(1), this court held that the assignment of an interest in the net cash flow from the property
in question amounted to a personal covenant between Harwell and Vaughan. We further found no
privity of estate with BFI and, therefore, the covenant did not run with the land and bind any future
land owners. See id. at 218.

 This appeal, Harwell II,(2) stems from appellants' second suit against Vaughan for breach of
contract on the net cash flow payments and on an oral promise that the covenant would run with the
land and that this conduct was willfully intended to defraud appellants. The trial court granted
Vaughan's motion for summary judgment based upon res judicata.

The Standard of Review


 The movant on a motion for summary judgment is charged with establishing that there is no
genuine issue of material fact and that one is entitled to judgment as a matter of law. Tex. R. Civ.
P.166a(c). When the ground for summary judgment is an affirmative defense, the movant must
expressly present and conclusively prove each essential element of the affirmative defense. See
American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Swilley v. Hughes, 488
S.W.2d 64, 67 (Tex. 1972). In reviewing a summary judgment, the appellate court must accept as
true, evidence in favor of the non-movant, indulging every reasonable inference and resolving all
doubts in the nonmovant's favor. See Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d
546, 548-49 (Tex. 1985).

Res Judicata


 The doctrine of res judicata bars a subsequent suit when it stems from the same subject
matter as a previous suit and could have, through the exercise of diligence, been tried in that prior
suit. See Barr v. Resolution Trust Corporation ex rel. Sunbelt Federal Sav., 837 S.W.2d 627, 630
(Tex. 1992). The supreme court stated:

 A determination of what constitutes the subject matter of a suit necessarily requires
an examination of the factual basis of the claim or claims in the prior litigation. It
requires an analysis of the factual matters that make up the gist of the complaint,
without regard to the form of action. Any cause of action which arises out of those
same facts should, if practicable, be litigated in the same lawsuit.

Id. at 631. Some of the facts a court may consider in applying this transactional approach to claims
preclusion are "their relatedness in time, space, origin, or motivation, and whether, taken together,
they form a convenient suit for trial purposes." See Getty Oil v. Insurance Co. of North America, 845
S.W.2d 794, 799 (Tex. 1992).

 Harwell argues that the first suit, filed by appellees, dealt only with whether the agreements
between Harwell and Vaughan were enforceable as against BFI, the subsequent purchaser of the
property. Harwell distinguishes Harwell I from the second suit where appellants attempt to enforce
the same agreements as against Vaughan. Appellant distinguishes this appeal from the Barr and
Getty Oil cases where the subject matter and relief requested in first and second suits were identical.
Harwell sees different subject matter and different relief sought here where Harwell I concerned the
issue of whether the covenants ran with the land so as to bind BFI, and if it did not, Harwell sought
reformation of the agreements to impose such a burden on the land. In Harwell II, appellant argues
that the subject matter is whether Vaughan promised Harwell the covenants would run with the land.

 The transactional approach to claims preclusion should be a pragmatic one as far as
compulsory counterclaims are concerned. See Barr, 837 S.W.2d at 630-31. Compulsory
counterclaims and claims preclusion are applicable only against adverse parties. Once the parties
become adverse, the principles of res judicata apply and a litigant must then raise all claims arising
out of that transaction or see them barred. See Getty Oil, 845 S.W.2d at 800. In Harwell I, the
Vaughan entities and Harwell were clearly adverse. Harwell filed a counterclaim against BFI in
Harwell I, but failed to include any claims for enforcement of the covenants against Vaughan.
Appellants argue that they were only required to raise claims that directly responded to the plaintiffs'
claims in Harwell I, and that any claims they harbored against the Vaughans regarding the covenants
were, at best, permissive because to add them would have greatly expanded the scope of discovery
in the original suit. We disagree.

 The individual Vaughan parties in Harwell II are officers and shareholders in Vaughan &
Sons and in Pan American Logistics, the original plaintiffs in Harwell I. Harwell could easily have
joined the individual Vaughan parties in the first suit and added the additional theories of recovery.
Indeed, that is what appellant should have done, as the individual Vaughan parties are in privity with
the original plaintiffs. See Getty Oil, 845 S.W.2d at 800-01. We hold that the agreements involved
in both suits are so closely related, if not identical, in time, origin, and motivation as to warrant
resolution in one lawsuit.

 Appellant argues, however, that his damages for loss of net cash flow as a result of
Vaughan's breach did not mature until after the declaratory judgment resolved the issue of whether
the covenants ran with the land. That circular argument was resolved in Getty Oil, 845 S.W.2d at 799
(contingent nature of claims does not preclude operation of res judicata). See Tex. R. Civ. P. 51(b).

 Finally, appellant argues that there is a question of fact regarding Harwell's allegations of
fraud against Vaughan. It is a negative analysis, at best, arguing that even though Mr. Harwell is a
licensed real estate broker of many years experience, the Vaughans, one of whom is a licensed
attorney, had superior knowledge regarding the non-binding effect of the covenants. Appellees
respond that any evidence of fraud would be derived from the documents themselves. Mr. Harwell
could have taken them to his own attorney for review to insure that he understood the ramifications
and scope of the documents before signing them. Instead, he relied on the representations made by
an attorney he knew represented the Vaughan entities. A representation regarding the legal effect of
a document by counsel for another party will not support an action for fraud. See Fina Supply, Inc.
v. Abilene Nat'l Bank, 726 S.W.2d 537, 540-41 (Tex. 1987). Harwell does not claim a special
fiduciary relationship with Vaughan nor do we find one here. 

 Harwell's point of error is overruled and the judgment of the trial court is affirmed.


 Alma L. López, Justice

Do No Publish




1. The plaintiffs in the first suit were Pan American Logistics Center and Vaughan & Sons, Inc. The defendants
in this declaratory judgment action were Wayne Harwell Properties, Inc. and N. Wayne Harwell. The Harwell parties
joined Browning-Ferris, Inc (BFI) in a counterclaim for a declaratory judgment that the covenants in question were
binding on subsequent owners of the land in question.
2. In the second suit, the plaintiffs are Wayne Harwell Properties, Inc. and N. Wayne Harwell. In addition to Pan
American Logistics Center and Vaughan & Sons, Inc., Harwell also sued Curtis T. Vaughan, Jr. and Curtis T. Vaughan,
III. Although BFI was also an original defendant to the second suit, Harwell non-suited it.
Return to
Fourth Court of Appeals