# NO. 12-12-00076-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WASSON INTERESTS, LTD.,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *KELLY W. ADAMS AND*<br>*KAREN ADAMS,*<br>*APPELLEES* | § | *CHEROKEE COUNTY, TEXAS* |

### *OPINION*

This is a restrictive covenant case.  Defendant and Appellant, Wasson Interests, Ltd. (Wasson), is the owner of a 3.014 acre tract burdened by restriction limiting its use to "residential development only."  The trial court found that Wasson's current use of the property for maintaining hogs and goats and other animals and for the storage of inoperable or unused vehicles was in violation of the restrictive covenant.  The court enjoined Wasson from placing or keeping on the property more than one horse per acre or more than three household pets per residential unit.  The court also awarded Kelly and Karen Adams (the Adams), $22,000.00 in attorney's fees.  In two issues, Wasson challenges the Adams' standing to enforce the restrictions and the sufficiency evidence of supporting the court's finding of violation of the restrictions.  We reverse and dismiss for lack of standing.

### BACKGROUND

On January 16, 1962, the City of Jacksonville (City) leased Lot 42 of Block A of Lake Springs Subdivision of Lake Jacksonville to Bill Canino for a term of ninety nine years.  The Adams became the assignees of that lease on April 21, 1993.

On November 2, 1983, the City conveyed the 3.014 acre subject tract to M.G. Moore by a general warranty deed that contained the "residential development only" covenant.  Wasson became the successor in interest to the subject tract on April 21, 2010.  The subject tract is not, and has never

1

been, a part of the Lake Springs Subdivision that includes the lot leased by the Adams and where they reside. The subject tract is across a county road from the subdivision and the Adams' leased lot. The Wasson's 3.014 acres is not part of a residential subdivision or any other type of planned development.

The area where the subject tract is located is rural in character. In the past, the property contained a pecan orchard and a peach orchard. There is no evidence of a residence on the property until January 2009 when Wasson moved a mobile home there. Wasson removed the mobile home when he received complaints that it violated the restrictions on the property. Thereafter, Wasson began putting hogs, goats, and other livestock on the property. He also placed an inoperable 1957 Chevrolet and an old dump truck near the road. At one point Wasson kept sixteen pigs, seven goats, three sheep, two horses, thirty chickens, five guinea fowl, and two peacocks on the 3.014 acres. The result of this concentration was not only unsightly but evil smelling.

<u>STANDING</u>

Wasson contends that the Adams lack standing to enforce the restriction burdening the 3.014 acres. Standing is a threshold question. When the issue is raised, it should be addressed first. ***Exxon Corp. v. Pluff***, 94 S.W.3d 22, 26 (Tex. App.–Tyler 2002, pet. denied.).

**Applicable Law**

In order for a party to enforce a covenant burdening land against a successor to the party with whom he covenanted, the covenant must run with the land. ***Wayne Harwell Prop. V. Pan Amer. Logistics***, 945 S.W.2d 216, 218 (Tex. App. – San Antonio 1997, writ denied). For a covenant to run with the land, the covenant must be made between parties who are in privity of estate at the time the covenant was made, and must be contained in a grant of land or in a grant of some property interest in the land. ***Id.***, *citing* ***Panhandle & S.F. Ry. v. Wiggins***, 161 S.W.2d 501 (Tex. Civ. App.–Amarillo 1942, writ ref'd w.o.m.). Privity of estate between covenanting parties means a mutual or successive relationship exists to the same rights in property. ***Westland Oil Dev. Corp. v. Gulf Oil***, 637 S.W. 903, 910-11 (Tex. 1992). A restrictive covenant is ordinarily enforceable only by the contracting parties and those in direct privity of estate with the contracting parties. ***Ski Masters of Texas LLC v. Heinemeyer***, 269 S.W.3d 662, 668 (Tex. App. – San Antonio 2008, no pet.); *see also* ***Davis v. Skipper***, 125 Tex. 364, 83 S.W.2d 318, 321-22 (1935); ***Harwell***, 945 S.W.2d at 218. An exception to the general rule exists, although not relevant here. A property owner may subdivide his property into lots and sell the lots to separate grantees, imposing restrictions on the use of each lot or parcel pursuant to a general plan or scheme of development; each grantee may then enforce the restrictions against each

2

other grantee. ***Lehman v. Wallace***, 510 S.W.2d 675. 680-81 (Tex. Civ. App. – San Antonio 1974, writ ref'd n.r.e.). The Adams do not claim that their subdivision lot and Wasson's tract are part of a common plan or scheme of development that would give the owners therein a reciprocal right to enforce restrictions.

## Discussion

When the City (the covenantee) granted the subject 3.014 acres to M. G. Moore (the covenantor), there was a mutual relationship to the same rights in the property described in the grant. Hence they were in privity of estate as to the 3.014 acres. As successor coventor to the interest of M. G.. Moore, Wasson succeeded to the burden imposed by the covenant and is in privity of estate with the City.

The Adams' predecessor, who held the leasehold in 1983, was not a party to the grant to M.G. Moore or the covenant therein created. When the covenant was made in 1983 burdening the 3.014 acres, there was no mutuality of interest in the tract between the then current lessee of the Adams' subdivision lot and M. G. Moore. Therefore, the Adams have not succeeded to the interest of the City as convenantee in the estate created in 1983 grant containing the restrictive covenant.

The Adams argue that since they and Wasson both derive title from the City, they are in privity of estate. But privity of estate requires more than a common source of title. As successors to Bill Canino, the coventor in the covenants created in 1962 in the original grant by the City of their subdivision lot, they are successor as covenantors to the burdens he assumed in the 1962 covenant. Hence, they are in privity of estate with the City under the 1962 covenant. But they are not successor covenantees to the rights of the City, the original coventee, in the covenant created in the City's 1983 grant to M.G. Moore. Therefore, there is no privity of estate between the Adams and Wasson. The Adams lack standing to enforce the covenants restricting the use of Wasson's 3.014 acre tract.

The Adams argue that since they and Wasson both deraign title from the City, they are in privity. But privity of estate requires more than a showing of a common source of title.

Wasson's first issue is sustained. Since we have held that the Adams had no standing to bring suit for the enforcement of the deed restrictions, we need not address Wasson's second issue.

### CONCLUSION

The judgment is ***reversed*** and the case is ***dismissed***. It is also ordered that the permanent injunction affecting the 3.014 acre tract owned by Appellants be and is hereby dissolved.

**BILL BASS**
Justice

Opinion delivered July 3, 2013.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

JULY 3, 2013

### NO. 12-12-00076-CV

**WASSON INTERESTS, LTD.,**
Appellant
V.
**KELLY W. ADAMS AND KAREN ADAMS,**
Appellees

Appeal from the 2nd Judicial District Court
of Cherokee County, Texas.  (Tr.Ct.No. 2011-03-0186)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of the Court that there was error in the judgment as entered by the trial court below and that the same should be **REVERSED** and judgment **DISMISSED**.

It is therefore ORDERED, ADJUGDED and DECREED by the Court that the judgment of the trial court in favor of Appellees, **KELLY W. ADAMS AND KAREN ADAMS**, be, and the same is, hereby **REVERSED** and judgment is **DISMISSED** that the Appellees take nothing.

It is further ORDERED, ADJUDGED and DECREED that **THE PERMANENT INJUNCTION AFFECTING THE 3.014 ACRE TRACT OWNED BY APPELLANTS BE AND IS HEREBY DISSOLVED.** All costs in this cause are adjudged the Appellees, **KELLY W. ADAMS AND KAREN ADAMS**, for which execution may issue; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Griffith, J., Hoyle, J. and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*