**Opinion issued March 28, 2024**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-22-00600-CV**

———————————

**DIANE STREIT AND ERIC STREIT, Appellant**

**V.**

**GRAND LAKES COMMUNITY ASSOCIATION, INC., Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 21-DCV-282387**

---

## MEMORANDUM OPINION

The Streits live in Katy, Texas in a community subject to restrictive covenants. When their backyard neighbors erected a storage unit that exceeded the height and size limitations in the restrictive covenants, the Streits complained to the homeowners' association, the Grand Lakes Community Association, Inc. (the

"Association"). The Association, which had approved the construction, did not take the actions that the Streits requested. The Streits sued both the Association and their neighbors. The trial court dismissed the claims against the neighbors with prejudice to refiling and severed those claims. The Association filed a plea to the jurisdiction arguing that the Streits' claims were not justiciable because they were barred by provisions in the restrictive covenants. The Streits filed an amended pleading to address some of the Association's arguments and added a nuisance claim against the neighbors. They never re-served the neighbors, and after the trial court dismissed the Association, the Streits nonsuited their nuisance claim against the neighbors.

On appeal, the Streits raise two issues. First, they argue that the trial court erred by granting the Association's plea to the jurisdiction because the plea initially attacked the causes of action in the original petition, not the first amended petition. Second, the Streits argue that the trial court erred by granting the plea to the jurisdiction because they have both standing and capacity to sue the Association for negligence, declaratory relief, and injunctive relief.

On appeal, the Association filed a motion to dismiss the appeal. It argues that the Streits' notice of appeal was untimely because the order granting the plea to the jurisdiction, not the later order granting the nonsuit, was the final judgment in this case. The Association reasons that the Streits' failure to serve the neighbors

with the amended petition, along with surrounding litigation circumstances, acted as a discontinuation and therefore the earlier order granting the plea to the jurisdiction resolved all pending parties and claims.

We deny the motion to dismiss the appeal because the record on appeal includes some indication that the Streits intended to serve the neighbors with the amended petition. We affirm the trial court's judgment dismissing the Streits' claims against the Association.

## Background

When the Streits noticed their backyard neighbors[1] building an outbuilding that exceed the size limitations in their community's restrictive covenants, the Declaration of Covenants, Conditions, and Restrictions for Grand Lakes (the "Declaration" or "restrictive covenants"), they promptly emailed the Association's property manager, Ashley Howard, and asked her to send the neighbors a cease and desist due the nonconforming nature of the structure they were building.[2] About a month later, on April 9, 2021, the Streits filed suit against the neighbors and the Association. The Streits alleged claims for breach of covenant and

---

[1]    The neighbors are Stephanie Waters and Douglas Paradis. They are not parties to this appeal.

[2]    The Streits allege that they first noticed the construction on or about March 5, 2021, and they sent the email to the property manager on March 11, 2011. The March 11, 2021 email is not included in the appellate record.

3

injunctive relief. The claims against the neighbors were dismissed and severed, and the Streits later filed an amended petition.

In their amended petition, the Streits further alleged that about two weeks after they initially filed suit, they attended an Association meeting and learned that their neighbors' building application had been automatically approved and no board member recalled seeing or voting on it. In their amended petition, the Streits sought a declaratory judgment against the Association regarding the validity of the approval of the neighbor's application. They also alleged causes of action for negligence against the Association and for private nuisance against the neighbors. Finally, the Streits sought injunctive relief against the Association and the neighbors to require enforcement of the restrictive covenants.

After the claims against the neighbors were dismissed and severed but before the Streits filed their amended petition, the Association filed a plea to the jurisdiction seeking dismissal. The Association argued that the Streits lacked standing and capacity to sue. It argued that the Declaration gives a homeowner enforcement authority when the Association "fails or refuses to enforce a provision of th[e] Declaration for a period of thirty (30) days after written notice from . . . any owner." The Association asserted that the Streits did not allege facts that supported their right to enforce the Declaration. The Association attached documentation showing that the neighbors had submitted a modification request to

4

the Association's Architectural Control Committee ("ACC") and that the ACC had approved the request.

In response to the Association's plea to the jurisdiction, the Streits amended their petition, adding the allegations that the Association failed to comply with the Declaration in approving the neighbors' modification request and alleging negligence and private nuisance instead of breach of covenant.

The hearing on the plea to the jurisdiction was held about a month after the Streits amended their petition. At the hearing, the Streits' counsel said: "[W]e have not—we intend to, but we have not brought Paradis and Waters back in on our nuisance claim yet."[3] The trial court granted the Association's plea to the jurisdiction on April 1, 2022. The Streits did not immediately file a notice of appeal, and nothing in the appellate record indicates that they served the neighbors with the amended petition. About four months after the trial court granted the plea to the jurisdiction, the Streits filed a notice of nonsuit as to their claims against the neighbors. The following day, July 27, 2022, trial court granted the nonsuit. The Streits filed their notice of appeal on August 18, 2022.

---

[3]  At the hearing, the Streits argued that the Association's evidence—the modification request and approval—was hearsay and not authenticated because the actual documents were provided in the litigation by the neighbors who were no longer parties to the suit. In this context, the Streits' counsel indicated that they intended to serve the neighbors with the private nuisance claim.

5

**Analysis**

On appeal, the Streits raise two issues challenging the grant of the plea to the jurisdiction. First, they argue that the court erred by granting the plea because it was "directed at" their original petition, not their amended petition. Second, they argue that the trial court erred by granting the plea because they have both standing and capacity.

While the appeal was pending in this court, the Association filed a motion to dismiss the appeal. The Association argues that the April 1, 2022 order granting the plea to the jurisdiction was a final judgment because it disposed of all parties and all claims because the Streits had not served the neighbors with the private nuisance claim. We will consider the challenge to our appellate jurisdiction first.

## I.   Appellate jurisdiction

A judgment is final for purposes of appeal if it "disposes of all pending parties and claims in the record," "finally disposes of all remaining parties and claims . . . regardless of its language," or "clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200, 205 (Tex. 2001); *accord Old Am. Cnty. Mut. Fire Ins. Co. v. Villegas*, No. 01-17-00750-CV, 2019 WL 3121853, at *2 (Tex. App.—Houston [1st Dist.] July 16, 2019, no pet.) (mem. op.). "To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the

appellate court to look to the record in the case." *Lehmann*, 39 S.W.3d at 205–06. "The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case." *Id.* at 200.

"A judgment that expressly disposes of some, but not all, of the defendants is nevertheless final for purposes of appeal if the only remaining defendants have not been served or filed answers and nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants." *Bradley v. Authur*, No. 01-15-00065-CV, 2016 WL 7011412, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 1, 2016, pet. denied) (mem. op.) (*citing M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674–75 (Tex. 2004) (per curiam), and *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)). "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *Penn*, 363 S.W.2d at 232.

The failure to effect service of process against an unserved defendant, however, does not, by itself, demonstrate a lack of intent to serve that defendant. *In re Sheppard*, 193 S.W.3d 181, 188 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). In such cases, the Court must determine whether the record demonstrates an intention to serve the unserved defendant. *See, e.g.*, *In re Minter Elec. Co., Inc.*, 277 S.W.3d 540, 544 (Tex. App.—Dallas 2009, orig. proceeding

7

[mand. denied]) (concluding record demonstrated intention to serve unserved defendant where petition recited where defendant could be served, citation was paid for and issued for him, case had been pending less than one year, plaintiffs continued to include defendant in pleadings, and trial court struck through word "final" in heading of judgment).

In this case, the Streits' amended petition recited where the neighbors could be served. The case had been pending about a year when the trial court granted the Association's plea to the jurisdiction, but the amended petition had been pending for only a month. The private nuisance claim was included in the amended petition, and the Streits did not seek clarification about the finality of the order granting the plea to the jurisdiction, which itself did not purport to be a final judgment or dispose of all parties and claims. And the Streits lawyer told the trial court that they intended to bring the neighbors back into the case on the nuisance claim. We conclude that record demonstrates an intention to serve the unserved defendants. *See id.*; *see also Villegas*, 2019 WL 3121853, at \*3 (holding that judgment was interlocutory when pleadings showed unserved defendant's amenability to service, claims against unserved defendant included in pleading amendment, and plaintiff did not seek clarification about finality of interlocutory order granting default judgment as to codefendant); *Bradley*, 2016 WL 7011412 at \*2 (dismissing appeal as attempt to appeal interlocutory order when plaintiff informed trial court of

interest in prosecuting claim and frustration with procuring service on unserved defendant).

We deny the Association's motion to dismiss this appeal.

## II. Subject-matter jurisdiction

We now consider the Streits' issues on appeal.

### A. Standard of review

Standing is a component of subject-matter jurisdiction that focuses on the question of who may bring an action. *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015); *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). "Courts lack subject-matter jurisdiction to adjudicate disputes initiated by parties lacking standing." *Vernco Constr.*, 460 S.W.3d at 149. Subject-matter jurisdiction is an issue that cannot be waived by the parties and may be raised at any time. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law, and accordingly we review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A party may challenge a trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Ordinarily a plea to the jurisdiction challenges the plaintiff's pleadings, asserting that the alleged facts do not affirmatively demonstrate the court's jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). We "construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). A plea to the jurisdiction may also challenge the existence of jurisdictional facts, and when it does, the parties may present evidence. *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 635. "When a jurisdictional issue is not intertwined with the merits of the claims, which is the case here, disputed fact issues are resolved by the court, not the jury." *Vernco Constr.*, 460 S.W.3d at 149.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, "a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion." *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 635. The movant must present summary-judgment proof demonstrating that the court lacks jurisdiction. *Id.* The burden then shifts to the nonmovant to show that there is a disputed material fact on the jurisdictional issue. *Id.*; *see* TEX. R. CIV. P. 166a(c) (providing that to prevail on traditional summary judgment motion, movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as matter of law).

10

**B.  The Streits did not show that the trial court ignored the factual allegations in the amended petition.**

On appeal, the Streits first argue that the court ignored the factual allegations and causes of action pleaded in their first amended petition. In the plea to the jurisdiction, the Association argued in part that the Streits failed to allege facts that would trigger their right to enforce the Declaration. In particular, it argued that the Streits did not allege that the Association failed or refused to enforce a provision of the Declaration but that the Streits disagreed with the decision the Association made. In response, the Streits filed an amended petition in which they alleged facts to support their contention that the Association failed or refused to enforce the Declaration. At the hearing, the trial court acknowledged that the Streits had filed an amended petition alleging negligence against the Association. The trial court informed the parties of its intention to reread their filings before making a decision.

At the hearing, the Association urged another reason to explain why the Streits lack standing. The Association argued that although the Streits repleaded their claim as a cause of action for negligence rather than breach of covenant, the Streits were nevertheless barred from bringing such an action against the Association because the Declaration provides that no party having the right to enforce the Declaration may be held liable for the failure to do so. Thus, the Association argued, the Streits lacked standing. The order granting the plea to the jurisdiction stated that the court considered "the motion, the response, and the

11

argument of counsel." Thus, we conclude that the trial court properly considered the alternative argument that the Association advanced to explain why the Streits lacked standing. *See, e.g.*, *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (holding that subject-matter jurisdiction can be raised at any time, including for first time on appeal).

The Streits have not demonstrated that the trial court failed to consider the amended pleading in ruling on the plea to the jurisdiction, and the Association offered an alternative reason to grant its motion that did not depend on facts that the Streits added in their amended petition. We overrule the first issue.

**C.     The trial court correctly granted the plea to the jurisdiction because the Streits' claim is foreclosed by the Declaration.**

In their second issue, the Streits argue that the trial court erred by granting the plea to the jurisdiction because they have both capacity and standing.

### 1.     Capacity

"A plaintiff must have both standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "[A] party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (emphasis omitted). While standing is a jurisdictional issue, capacity is not. *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46,

56 (Tex. 2003). The Streits' argument that they have capacity to sue is not a reason to reverse the trial court's grant of the plea to the jurisdiction.

## 2. Standing

"In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman*, 369 S.W.3d 137, 154 (Tex. 2012). "The standing requirement derives from the Texas Constitution's provision for separation of powers among the branches of government, which denies the judiciary authority to decide issues in the abstract, and from the open courts provision, which provides court access only to a 'person for an injury done him.'" *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) (quoting TEX. CONST. art. I, § 13); *see Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44.

Texas's standing test parallels the federal test for Article III standing, which requires a plaintiff to allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Heckman*, 369 S.W.3d at 154; *see also Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 776 (Tex. 2020) (looking to federal jurisprudence to resolve issue of standing under Texas law). The Texas Supreme Court has adopted the three-element test for standing articulated by the United States Supreme Court:

> First, the plaintiff must have suffered an "injury in fact"—an invasion
> of a legally protected interest which is (a) concrete and particularized,

13

and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Heckman*, 369 S.W.3d at 154–55 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (citations omitted); *see In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020) (noting that Supreme Court of Texas has adopted this standard).

In general, "any person entitled to benefit under the terms of a restrictive covenant may enforce it." *Ammerman v. Ranches of Clear Creek Cmty. Ass'n, Inc.*, 562 S.W.3d 622, 636 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quoting *Moseley v. Arnold*, 486 S.W.3d 656, 662 (Tex. App.—Texarkana 2016, no pet.) (quoting *Girsh v. St. John*, 218 S.W.3d 921, 923 (Tex. App.—Beaumont 2007, no pet.))). "A restrictive covenant is ordinarily enforceable only by the contracting parties and those in direct privity of estate with them." *Oyoque v. Henning*, No. 09-17-00018-CV, 2018 WL 1527892, at *3 (Tex. App.—Beaumont Mar. 29, 2018, no pet.) (mem. op.); *see Wasson Ints., Ltd. v. Adams*, 405 S.W.3d 971, 973 (Tex. App.—Tyler 2013, no pet.); *Ski Masters of Tex., LLC v. Heinemeyer*, 269 S.W.3d 662, 668 (Tex. App.—San Antonio 2008, no pet.). "There is a well-established exception in Texas when a general plan or scheme is adopted by the owner of a tract for the development and improvement of a property that is divided into streets

14

and lots, and where the general plan restricts the uses to which the lots may be put, a purchaser and his assigns may enforce the covenant against any other purchaser." *Oyoque*, 2018 WL 1527892, at *3; *see Hooper v. Lottman*, 171 S.W. 270, 272 (Tex. Civ. App.—El Paso 1914, no writ); *see also Ski Masters*, 269 S.W.3d at 669. In other words, "[a] property owner may subdivide his property into lots and sell the lots to separate grantees, imposing restrictions on the use of each lot or parcel pursuant to a general plan or scheme of development; each grantee may then enforce the restrictions against each other grantee." *Wasson Ints.*, 405 S.W.3d at 974. Thus, a homeowner whose property is subject to a restrictive covenant would ordinarily have standing to sue another homeowner whose property is also subject to the same restrictive covenant.

Here, homeowners whose property is subject to the Declaration have sued the Association, which is authorized to enforce the Declaration by its own terms. We must, therefore, consider the language of the Declaration itself. "Restrictive covenants are construed using the general rules of contract construction." *Ammerman*, 562 S.W.3d at 636. "Courts must examine the covenants as a whole in light of the circumstances present when the parties entered the agreement." *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). Restrictive covenants are "unambiguous as a matter of law if [they] can be given a definite or certain legal meaning." *Pilarcik*, 966 S.W.2d at 478. The Declaration states: "No party having

the right to enforce this Declaration shall be liable for failure to enforce this Declaration." Article XII, Section 15 (Enforcement), Clerk's R. 236.

The Streits sued the Association alleging claims for negligence and a declaratory judgment. As to their negligence claim, they allege that they have suffered an injury due to their neighbors' construction of the building. In their amended petition, the Streits alleged that the Association breached a duty of care that it owed them because the Association "takes upon itself the enforcement of the deed restrictions [restrictive covenants]" and that it breached this duty by failing to review the modification request in accordance with the Declaration. The Streits also alleged that they were damaged by the Association's breach of its duty of care because of the structure built by their neighbors:

> Plaintiffs have been damaged by the breach of Defendant Grand Lakes' [the Association] duties to them as homeowners, because Defendant Paradis and Waters constructed a massive barn-like outbuilding in violation of their covenants not to—without a variance, proper approval, or process. Defendants Paradis and Waters' structure disrupts Plaintiffs quiet enjoyment of their property, is an eyesore, and a nuisance, diminishing the marketability and value of the Plaintiffs' own property.

The Streits argue that they are personally aggrieved by the nuisance created by the structure, and they argue on appeal that they were injured by the Association, "which had the opportunity to enforce the deed restrictions [restrictive covenants] but refused to." App. Br. 16.

16

The Streits also seek a declaratory judgment invalidating the Association's approval of their neighbors' building and stating that they have "the right . . . to enforce the [Declaration] against Defendants Paradis and Waters," and injunctive relief to require the Association to enforce the Declaration and to prevent any future violations by the Association. On appeal, the Streits argue that their "request for declaratory relief is derived precisely from this controversy between themselves and Grand Lakes. The fact that the very conflict of whether the Streits can pursue their individual rights under the [Declaration] is the basis for their request for declaratory relief, and alone confers standing." App. Br. 17.

Both the negligence claim and the declaratory judgment action rely on allegations that the Association failed to enforce the Declaration. The Streits' claimed injury in negligence is the Association's failure to prevent the construction of the neighbors' building by failing to enforce the Declaration. The Streits' declaratory judgment requests include determinations that the Association failed to enforce the Declaration.

The parties to this appeal agree that the Association has the right to enforce the Declaration. The relief sought by the Streits in its claims against the Association are foreclosed by the plain language of the Declaration. *See* Article XII, Section 15 (Enforcement), Clerk's R. 236 ("No party having the right to enforce this Declaration shall be liable for failure to enforce this Declaration.").

17

The Streits' negligence and declaratory judgment claims are not likely to result in a decision that could redress their alleged injury, which is the use and enjoyment of their property due to their neighbors' construction. *See Heckman*, 369 S.W.3d at 154–55; *see Severs v. Mira Vista Homeowners Ass'n, Inc.*, 559 S.W.3d 684, 700 (Tex. App.—Fort Worth 2018, pet. denied) (holding that UDJA does not "permit courts to grant declaratory relief when the real issue is determining whether a party breached an agreement."). Accordingly, we conclude that the Streits lack standing to pursue these claims. *See Heckman*, 369 S.W.3d at 154–55.

To the extent that the Streits seek a judgment that prohibits the Association from failing to enforce the Declaration in the future, that issue is not justiciable, and any such judgment would amount to an advisory opinion. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (courts lack jurisdiction to render advisory opinions); *see Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions."); *Patterson*, 971 S.W.2d at 443 ("The courts of this state are not empowered to give advisory opinions."); *see also* TEX. CONST. art. II, § 1 (separation of powers).

We overrule the Streits' second issue.

**Conclusion**

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.